JOHN B. BULGOZDY, Cal Bar No. 219897
Email: bulgozdyj@sec.gov
NICHOLAS S. CHUNG, Cal Bar No. 192784
Email: chungni@sec.gov
MORGAN B. WARD DORAN, Cal. Bar No. 246107
Email: warddoranm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
AUG -5 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'09 MC 0626

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL CAPITAL HOLDINGS, INC.; MEDICAL CAPITAL CORPORATION; MEDICAL PROVIDER FUNDING CORPORATION VI; SIDNEY M. FIELD; and JOSEPH J. LAMPARIELLO,<br><br>Defendants. | Case No. SA CV09-0818 DOC(RNBx)<br><br>**TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A TEMPORARY RECEIVER; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) REQUIRING ACCOUNTINGS; AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |

This matter came to be heard upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings; and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, Plaintiffs' Opposition, the Commissions' Reply, and other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendants Medical Capital Holdings, Inc. ("MCHI"), Medical Capital Corporation ("MCC"), Medical Provider Funding Corporation VI ("MP VI"), Sidney M. Field ("Field"), and Joseph J. Lampariello ("Lampariello"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action and the possibility of dissipation of assets.

D. Good cause exists to believe that defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing a Temporary Receiver, (3) Prohibiting the Destruction of Documents, and (4) Requiring Accountings; and Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with

1 | any of them, who receive actual notice of this Order, by personal service or
2 | otherwise, and each of them, be and hereby are temporarily restrained and enjoined
3 | from, directly or indirectly, in connection with the purchase or sale of any security,
4 | by the use of any means or instrumentality of interstate commerce, or of the mails,
5 | or of any facility of any national securities exchange:

    A.   employing any device, scheme or artifice to defraud;

    B.   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that defendant MCC and its officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with it, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce, or the mails, or of any facility of any national securities exchange, aiding and abetting any person to:

    A.   employ any device, scheme or artifice to defraud;

    B.   make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

1   C.   engage in any act, practice, or course of business which operates or
2        would operate as a fraud or deceit upon any person;
3   in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule
4   10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

6   IT IS FURTHER ORDERED that, except as otherwise ordered by this
7   Court, defendants MCHI, MCC, MP VI, Field, and Lampariello and their officers,
8   agents, servants, employees, attorneys, subsidiaries and affiliates, and those
9   persons in active concert or participation with any of them, who receive actual
10  notice of this Order, by personal service or otherwise, and each of them, be and
11  hereby are temporarily restrained and enjoined from, directly or indirectly:

12  A.   transferring, assigning, selling, hypothecating, changing, wasting,
13       dissipating, converting, concealing, encumbering, or otherwise
14       disposing of, in any manner, any funds, assets, securities, claims, or
15       other real or personal property, wherever located, of defendants
16       MCHI, MCC, MP VI, Field, and Lampariello, or their subsidiaries or
17       affiliates, owned by, controlled by, managed by or in the possession or
18       custody of any of them;
19  B.   transferring, assigning, selling, hypothecating, encumbering, or
20       otherwise disposing of any securities, including, but not limited to,
21       any investment contracts or other securities of defendants MCHI,
22       MCC, MP VI, Field, and Lampariello, or any of their subsidiaries or
23       affiliates.

## VI.

25  IT IS FURTHER ORDERED that, except as otherwise ordered by this
26  Court, an immediate freeze shall be placed on all monies and assets (with an
27  allowance for necessary and reasonable living expenses to be granted only upon
28  good cause shown by application to the Court with notice to and an opportunity for

1  the Commission to be heard) in all accounts at any bank, financial institution or
2  brokerage firm, all certificates of deposit, and other funds or assets, held in the
3  name of, for the benefit of, or over which account authority is held by MCHI,
4  MCC, and MP VI, or any entity affiliated with any of them, including, but not
5  limited to, the accounts set forth below:

| Defendant | Account Number | Bank Name |
|---|---|---|
| MCC | 5853 | Bank of America |
| MCC | 2461 | Comerica Bank |
| MCC | 6714 | Bank of America |
| MCC | 7484 | Bank of America |
| MCC | 9331 | Bank of America |
| MCC | 9988 | Bank of America |
| MCC | 7764 | Bank of America |
| MCC | 9935 | Bank of America |
| MCC | 9948 | Bank of America |
| MCC | 5440 | Bank of America |
| MCC | 7805 | Bank of America |
| MCC | 7818 | Bank of America |
| MCC | 7561 | Bank of America |
| MCHI | 1812 | Comerica Bank |
| MCHI | 0426 | Bank of America |
| MCHI | 1450 | Bank of America |
| MPFC Funds Account | 6771 | Wells Fargo Bank |
| MPFC VI | 3384 | City National Bank |
| MPFC VI | 4860 | City National Bank |
| MPFC VI | 3415 | Bank of New York |
| MPFC VI | Unknown | California Bank & Trust |
| MPFC VI | Unknown | Comerica Bank |
| MPFC VI | Unknown | Wells Fargo Bank |
| MPFC VI | Unknown | Zions First National Bank |

## VII.

25  IT IS FURTHER ORDERED that Thomas A. Seaman is appointed as
26  temporary receiver of MCHI, MCC, and MP VI, and their subsidiaries and
27  affiliates, with full powers of an equity receiver, including, but not limited to, full
28  power over all funds, assets, collateral, premises (whether owned, leased,

1  occupied, or otherwise controlled), choses in action, books, records, papers and
2  other property belonging to, being managed by or in the possession of or control of
3  MCHI, MCC, MP VI, and their subsidiaries and affiliates, and that such receiver is
4  immediately authorized, empowered and directed:

5      A.   to have access to and to collect and take custody, control, possession,
6             and charge of all funds, assets, collateral, premises (whether owned,
7             leased, occupied, or otherwise controlled), choses in action, books,
8             records, papers and other real or personal property, wherever located,
9             of or managed by MCHI, MCC, and MP VI, and their subsidiaries and
10            affiliates, with full power to sue, foreclose, marshal, collect, receive,
11            and take into possession all such property (including access to and
12            taking custody, control, and possession of all such MCHI, MCC, and
13            MP VI property, and that of their subsidiaries and affiliates;
14     B.   to have control of, and to be added as the sole authorized signatory
15            for, all accounts of the entities in receivership, including all accounts
16            at any bank, title company, escrow agent, financial institution or
17            brokerage firm (including any futures commission merchant) which
18            has possession, custody or control of any assets or funds of MCHI,
19            MCC, and MP VI, and their subsidiaries and affiliates, or which
20            maintains accounts over which MCHI, MCC, and MP VI, and their
21            subsidiaries and affiliates, and/or any of their employees or agents
22            have signatory authority;
23     C.   to conduct such investigation and discovery as may be necessary to
24            locate and account for all of the assets of or managed by MCHI,
25            MCC, and MP VI, and their subsidiaries and affiliates, and to engage
26            and employ attorneys, accountants and other persons to assist in such
27            investigation and discovery;
28

1  D.  to take such action as is necessary and appropriate to preserve and
2      take control of and to prevent the dissipation, concealment, or
3      disposition of any assets of or managed by MCHI, MCC, and MP VI,
4      and their subsidiaries and affiliates;
5  E.  to make an accounting, on or before August 12, 2009 at 12:00 p.m., to
6      this Court and the Commission of the assets and financial condition of
7      MCHI, MCC, and MP VI, and to file the accounting with the Court
8      and deliver copies thereof to all parties;
9  F.  to make such payments and disbursements from the funds and assets
10     taken into custody, control, and possession or thereafter received by
11     him or her, and to incur, or authorize the making of, such agreements
12     as may be necessary and advisable in discharging his or her duties as
13     temporary receiver;
14 G.  to employ attorneys, accountants, and others to investigate and, where
15     appropriate, to institute, pursue, and prosecute all claims and causes of
16     action of whatever kind and nature which may now or hereafter exist
17     as a result of the activities of present or past employees or agents of
18     MCHI, MCC, and MP VI, and their subsidiaries and affiliates; and
19 H.  to have access to and monitor all mail, electronic mail, and video
20     phone of the entities in receivership in order to review such mail,
21     electronic mail, and video phone which he or she deems relates to
22     their business and the discharging of his or her duties as temporary
23     receiver.

## VIII.

25  IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field,
26 and Lampariello, their subsidiaries and affiliates, including all of the other entities
27 in receivership, and their officers, agents, servants, employees and attorneys, and
28 any other persons who are in custody, possession or control of any assets,

7

collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

## IX.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of MCHI, MCC, MP VI, Field, and Lampariello shall take any action or purport to take any action, in the name of or on behalf of MCHI, MCC, and MP VI, without the written consent of the temporary receiver or order of this Court.

## X.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from MCHI, MCC, MP VI, Field, and Lampariello, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

- A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission or any other action by the government) against any of them;
- B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of MCHI, MCC, and MP VI; and

1    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of MCHI, MCC, and MP VI, or in any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

## XI.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be

1  made by application setting forth in reasonable detail the nature of the services and
2  shall be heard by the Court.

### XIII.

4      IT IS FURTHER ORDERED that no bond shall be required in connection
5  with the appointment of the temporary receiver. Except for an act of gross
6  negligence, the temporary receiver shall not be liable for any loss or damage
7  incurred by any of the defendants, their officers, agents, servants, employees and
8  attorneys or any other person, by reason of any act performed or omitted to be
9  performed by the temporary receiver in connection with the discharge of his or her
10 duties and responsibilities.

### XIV.

12     IT IS FURTHER ORDERED that representatives of the Commission and
13 any other government agency are authorized to have continuing access to inspect
14 or copy any or all of the corporate books and records and other documents of
15 MCHI, MCC, MP VI, Field, and Lampariello, and the other entities in
16 receivership, and continuing access to inspect their funds, property, assets and
17 collateral, wherever located.

### XV.

19     IT IS FURTHER ORDERED that, except as otherwise ordered by this
20 Court, defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers,
21 agents, servants, employees, attorneys, subsidiaries and affiliates, including any
22 other entities in receivership, and those persons in active concert or participation
23 with any of them, who receive actual notice of this Order, by personal service or
24 otherwise, and each of them, be and hereby are temporarily restrained and enjoined
25 from, directly or indirectly: destroying, mutilating, concealing, transferring,
26 altering, or otherwise disposing of, in any manner, any documents, which includes
27 all books, records, computer programs, computer files, computer printouts,
28 contracts, correspondence, memoranda, brochures, or any other documents of any

kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants MCHI, MCC, MP VI, Field, and Lampariello, and their subsidiaries and affiliates.

### XVI.

IT IS FURTHER ORDERED that defendants Field, and Lampariello shall, within five days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Los Angeles Regional Office. After completion of the accounting, defendants Field, and Lampariello shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accounting.

### XVII.

IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field, and Lampariello, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendants Field, and Lampariello, they shall, within 24 hours of the issuance of this Order, prepare and deliver to the temporary receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by them for

1  any purpose. The schedules required by this section shall include at a minimum
2  the make, model and description of each computer and/or PDA, along with its
3  location, the name of the person primarily assigned to use the computer and/or
4  PDA, all passwords necessary to access the computer and/or PDA, and all
5  passwords necessary to access and use the software contained on the computer
6  and/or PDA. The temporary receiver shall be authorized to make an electronic,
7  digital or hard copy of all of the data contained on the computers and/or PDAs.

### XVIII.

9      IT IS FURTHER ORDERED that defendants MCHI, MCC, MP VI, Field,
10  and Lampariello, and their officers, agents, servants, employees, attorneys,
11  subsidiaries and affiliates, including the other entities in receivership, shall, within
12  24 hours of the issuance of this Order, cause to be prepared and delivered to the
13  temporary receiver, a detailed and complete schedule of all passwords, usernames,
14  and identification numbers for all web sites, email accounts, and all accounts at any
15  bank, financial institution or brokerage firm operated by or to which MCHI, MCC,
16  and MP VI has access.

### XIX.

18      IT IS FURTHER ORDERED that this Temporary Restraining Order shall
19  expire at 11:59 a.m. on August 17, 2009, unless, for good cause shown, it is
20  extended or unless the parties against whom it is directed consent that it may be
21  extended for a longer period.

### XX.

23      IT IS FURTHER ORDERED that at **8:30 a.m. on August 17, 2009,** or as
24  soon thereafter as the parties can be heard, the defendants, and each of them, shall
25  appear before the Honorable David O. Carter, Judge of the United States District
26  Court for the Central District of California, to show cause, if there be any, why a
27  preliminary injunction should not be granted and a permanent receiver not
28  appointed in accordance with the prayer for relief contained in this Complaint filed

1  by the Commission. Any declarations, affidavits, points and authorities, or other
2  submissions in support of, or in opposition to, the issuance of such an Order shall
3  be filed with the Court and delivered to the Commission's Los Angeles office and
4  the offices of the defendants and/or their attorneys no later than 12:00 p.m. on
5  August 10, 2009. Any reply papers shall be filed with the Court and delivered to
6  opposing counsel no later than 12:00 p.m. on August 13, 2009. Service of all such
7  papers shall be by electronic mail, facsimile, or personal service.

## XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: August 3, 2009

TIME: 8:25 a.m.

*/s/ David O. Carter*

UNITED STATES DISTRICT JUDGE

Presented by:

John B. Bulgozdy
Nicholas S. Chung
Morgan B. Ward Doran
Attorneys for Plaintiff
Securities and Exchange Commission

13

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS003941
Cashier ID: bhartman
Transaction Date: 08/06/2009
Payer Name: ALLEN MATKINS
----------------------------------
MISCELLANEOUS PAPERS
 For: ALLEN MATKINS
 Case/Party: D-CAS-3-09-MC-000626-001
 Amount:         $39.00
----------------------------------
CHECK
 Check/Money Order Num: 174474
 Amt Tendered:   $39.00
----------------------------------
Total Due:       $39.00
Total Tendered:  $39.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.
```